# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                            Case No. 05-CR-101

KRISTOPHER N. REDFIELD,

     Defendant.

# ORDER

On March 8, 2005, United States Magistrate Judge James R. Sickel issued a criminal complaint against defendants, Kristopher Redfield, Jubali Dushawn Stokes, Robert Earl Hill, Steven Kermit Martin, and Kathy L. Perry. Thereafter, on April 5, 2005, a federal grand jury sitting in this district returned an eleven-count indictment against the defendants. Defendant Redfield (defendant) is charged in Count One with the other four defendants with knowingly and intentionally conspiring to distribute fifty grams or more of a mixture containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 and 18 U.S.C. § 2. He is also charged in four other counts, specifically, Counts, Five, Eight, Nine, and Ten. In each of those counts, the defendant is charged with knowingly and intentionally distributing crack cocaine on separate dates, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(c) and 18 U.S.C. § 2.

On June 6, 2005, the defendant appeared before United States District Judge William C. Griesbach for arraignment and entered a plea of not guilty to the charges. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion for severance and separate trial. (Docket #52). The motion will be addressed herein.

## MOTION FOR SEVERANCE AND SEPARATE TRIAL

Defendant Redfield moves this court to sever his trial from that of his co-defendants and to sever the counts of the indictment in which he is charged from all other counts in the indictment. In support of his motion, the defendant Redfield asserts that he is only charged in five of the twelve counts in the indictment and was not present and is not implicated in the remaining counts which also involve the knowing and intentional distribution of crack cocaine by his co-defendants. He maintains that evidence of these incidents would be inadmissible in a trial on the severed counts involving the defendant.

The defendant also asserts that severance is warranted pursuant to Fed. R. Civ. P. 14. He asserts that there is a strong likelihood that evidence could be introduced at trial against his co-defendants which would not be admissible against him. He argues that evidence of his involvement in the conspiracy is minimal and that there is no evidence that he conspired with co-defendants Hill, Martin or Perry. The defendant maintains that joinder of all defendants creates a significant risk of prejudice against him which could result in his being found guilty even absent specific proof that he was directly involved in the conspiracy.

The defendant further asserts that there is a danger of evidentiary spillover and of prejudice based on the sheer weight of the evidence against his co-defendants and the number of co-defendants with whom he is charged in this case. Although acknowledging that courts have utilized limiting instructions to obviate the need for severance, the defendant states that he lacks confidence in the ability of limiting instructions to solve any problems of prejudice under the circumstances in this case.

The government opposes the motion, asserting that the counts against his co-defendants are all part of the same scheme or plan, namely the trafficking in crack cocaine.

Case 1:05-cr-00101-LA   Filed 08/09/05   Page 2 of 7   Document 57

The government states that the acts charged in Count Two through Count Twelve are acts in furtherance of the conspiracy to distribute crack cocaine. Thus, the government asserts that all of the drug activity evidence would be admissible against the defendant. The government further points out that severance should only be granted when there is a serious risk of unfair prejudice which would deprive the defendant of a fair trial.

The government states that the defendant is properly joined under Rule 8(b). It further maintains that any prejudice can be reduced or eliminated by proper limiting instructions to the jury.

It is well established that when two or more defendants are charged in a single indictment, Fed. R. Civ. P. 8(a) does not apply and Fed. R. Crim. P. 8(b) governs the joinder of defendants and offenses. United States v. Cyprian, 23 F.3d 1189, 1193 (7th Cir. 1994); United States v. Stone, 444 F. Supp. 1254 (E.D. Wis. 1978). Rule 8(b) allows charging in the same indictment two or more offenders only if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." United States v. Moya-Gomez, 860 F.2d 706, 766 (7th Cir. 1989) (quoting Fed. R. Crim. P. 8[b]). Therefore, the propriety of joinder of defendants depends on the meaning of "same series of acts or transactions." "The usual meaning is acts or transactions that are pursuant to a common plan or scheme, which is to say (in the usual case) that the acts or transactions are part of a single conspiracy." United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985) (citations omitted); see also, United States v. Lanas, 324 F.3d 894, 899 (7th Cir. 2003). So viewed, Rule 8(b) codifies the long-standing practice of trying co-conspirators together, but does not open the door to mass trials. Thus, if the acts of each defendant are performed according to a common scheme or plan, joinder is proper. Cyprian,

Case 1:05-cr-00101-LA   Filed 08/09/05   Page 3 of 7   Document 57

23 F.3d at 1194. In assessing whether joinder is proper, the court must look to the face of the indictment. Lanas, 324 F.3d at 899; United States v. Bruun, 809 F.2d 397, 406 (7th Cir. 1987); Velasquez, 772 F.2d at 1354.

In this case, all the defendants are charged with participating in a single conspiracy to distribute controlled substances, specifically crack cocaine. The defendant argues that there is no evidence that he conspired with some of the co-defendants. However, the crime of conspiracy focuses on agreements, not groups. United States v. Townsend, 924 F.2d 1385, 1389 (7th Cir. 1991). A person need not know or participate in every detail of the conspiracy or know all of the conspiracy's members -- a conspiracy may have a small core of people with whom other conspirators act to achieve the conspiracy's goal. United States v. Sophie, 900 F.2d 1064, 1080-81 (7th Cir. 1990). A single conspiracy exists if "there is 'one overall agreement among various parties to perform different functions in order to carry out the objectives of the conspiracy.'" United States v. Paiz, 905 F.2d 1014, 1020 (7th Cir. 1990) (citations omitted).

The defendant's argument that the evidence shows his involvement in the conspiracy is minimal is also unavailing. The test for joinder is what the indictment charges. Lanas, 324 F.3d at 899. Although the defendants are also charged with substantive drug counts, their actions are part of a common scheme or plan to distribute crack cocaine. Therefore, joinder of the defendants is proper under Rule 8(b). See Moya-Gomez, 860 F.2d at 767; Bruun, 809 F.2d at 406.

The defendant also seeks an order, pursuant to Fed. R. Crim P. 14, directing that he receive a separate trial on the particular charges against him, and that he not be tried with his co-defendants. Even when joinder under Rule 8 is proper, Rule 14 authorizes a district

- 4 -

court to grant severance when it appears that the defendant will suffer prejudice by joinder of either offenses or defendants.  Lanas, 324 F.3d at 900; United States v. Rollins, 301 F.3d 511, 517 (7th Cir. 2002).  Thus, Fed. R. Crim P. 14 authorizes a judge to sever charges for separate trials "[i]f it appears that a defendant or the government is prejudiced by the joinder of [the] offenses" for a single trial.  United States v. Alexander, 135 F.3d 470, 477 (7th Cir. 1998).  The decision on whether to grant or deny a motion for severance is left to the trial court's discretion and will not be disturbed on appeal absent an abuse of discretion. Id.  The reason for such deference is that, where joinder is proper under Fed. R. Crim P. 8, there are substantial economies to be gained from a joint trial.  Velasquez, 772 F.2d at 1353.

A joint trial of co-conspirators is presumptively appropriate.  United States v. Lopez, 6 F.3d 1281, 1285 (7th Cir. 1993);  United States v. Walker, 25 F.3d 540, 545 (7th Cir. 1991).  However, the public interest in having joint conspiracy trials does not override the need to insure the defendants a fair trial.  See United States v. Peters, 791 F.2d 1270, 1302 (7th Cir. 1986).

Defendant Redfield states that a joint trial would prejudice him because of the disparity in the weight of the evidence against him as compared to that of his co-defendants.  In a related argument, he asserts that the evidence against other co-defendants is substantial and will invariably "spill over" to him and create a greater likelihood that he will be convicted merely because of his association with them, rather than based upon the evidence.

Assuming the validity of the defendant's contentions, to succeed on a claim of prejudice due to a disparity in the evidence or evidentiary spillover, a criminal defendant must rebut the presumptions that a jury will: (1) capably sort through the evidence; and (2) follow instructions from the court to consider each defendant separately.  United States v. Edwards,

36 F.3d 639, 647 (7th Cir. 1994); Lopez, 6 F.3d at 1286.  United States v. Smith, 995 F.2d 662, 671 (7th Cir. 1993).  "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." Lopez, 6 F.3d at 1286 (citing United States v. Doerr, 886 F.2d 944, 972 [7th Cir. 1989]).  Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored.  United States v. Papia, 560 F. 2d 827, 837 (7th Cir. 1977).

The "danger of prejudice to the least guilty, or perhaps prejudice to all from sheer confusion of a multi-defendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all."  United States v. Shorter, 54 F.3d 1248, 1258 n.21 (7th Cir. 1995). Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance — i.e., it does not independently establish 'actual prejudice.'"  United States v. Caliendo, 910 F.2d 429, 438 (7th Cir. 1990).  Thus, the mere existence of such a disparity "is not itself grounds for a severance." Doerr, 886 F.2d at 972 (citations omitted).  "Instead, 'the relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him.'" Id. (citations omitted).  It is also well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. Zafiro v. United States, 506 U.S. 534, 540 (1993).

In this case, the defendant has merely asserted in conclusory fashion that he will be prejudiced by the disparity in the evidence and evidentiary spillover.  He has not shown that the jury is not capable of compartmentalizing the evidence or following the instructions of the court to evaluate the evidence against each individual defendant.  Instructions directing the

jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against him will effectively address the disparity of evidence and evidentiary spillover concerns. See Peters, 791 F.2d at 1303; United States v. Hendrix, 752 F.2d 1226, 1232 n.6 (7th Cir.1985); see also, Velasquez, 772 F.2d at 1352. Therefore, the defendant has failed to establish that severance is warranted under Fed. R. Crim. P. 14 based on evidentiary spillover or the disparity of the evidence against him as compared to that of his co-defendants.

Accordingly, in the exercise of its discretion, the court concludes that the defendant is not entitled to severance of counts or of defendants in this case. Therefore, his motion for severance (Docket # 52) will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant Kristopher Redfield's motion for severance (Docket # 52) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin, this 9th day of August 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge